UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
J.A., an infant under 18 years of age,
by and through his Guardian Ad Litem,
BRUCE WOLF,

        Plaintiff,

          v.

SCO FAMILY OF SERVICES,
        Defendant.
--------------------------------------------------------x

**FILED**
**CLERK**

11:26 am, Sep 06, 2017

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

Case No.: 16-cv-5269 (SJF)(AYS)

**ORDER ADOPTING**
**REPORT & RECOMMENDATION**,
**GRANTING MOTION TO AMEND, and**
**DENYING MOTION TO DISMISS**

FEUERSTEIN, Senior District Judge.

I.    **INTRODUCTION**

      Presently before the Court is Magistrate Judge Shields' August 3, 2012 Report & Recommendation recommending granting Plaintiff's Motion to Amend his complaint. (*See* ECF No. 36.) In particular, she "finds that the Amended Complaint sets forth a plausible claim that [defendant] SCO could be a state actor liable under § 1983," thereby rendering the Plaintiff's amendment not futile. (Report & Recommendation at 7 (ECF No. 36); hereafter, "Report".) Magistrate Judge Shields also noted her recommendation that Defendant consider withdrawing its pending motion to dismiss without prejudice to renew upon further discovery . . ." (*Id.* at 7 n.1.) For the reasons that follow, the Court adopts Magistrate Judge Shields' Report in its entirety.

II.    **BACKGROUND**

      On September 22, 2016, Plaintiff J.A. ("Plaintiff") commenced this action against Defendant SCO Family of Services ("Defendant") alleging violations of his civil rights under 42 U.S.C. § 1983 and negligence. (*See* Complaint (ECF No. 1).) On October 13, 2016, Defendant

answered, denying Plaintiff's allegations and raising fourteen affirmative defenses. (*See* Answer, (ECF No. 7).) Defendant served Plaintiff with its Rule 12(c) motion to dismiss on January 4, 2017. (*See* ECF No. 11; hereafter, "Dismissal Motion".)

On July 11, 2017, this case was consolidated with *J.M. v. SCO Family of Services*, Case No. 17-cv-306 (ADS)(AKT)(the "Related Case") for purposes of discovery. (*See* Minute Entry (ECF No. 26); *see also* Related Case, Electronic Scheduling Order (D.E. dated 08/01/2017).) On January 31, 2017, Plaintiff filed a Motion to Amend his complaint (*see* ECF No. 16; hereafter "Amendment Motion"), which Defendant opposed on the basis of futility (*see* ECF No. 20). On February 24, 2017, Defendant filed a Motion to Dismiss (*see* ECF No. 25), claiming that Plaintiff failed to plead any specific facts germane to his allegations against Defendant. (*See* Memo. Supp. Dismissal Motion at 2 (ECF No. 25-2).) In opposition, Plaintiff asserts that the original complaint and proposed amended complaint describe in detail the numerous ways in which Defendant disregarded known and apparent risks about Gonzales-Mugaburu. (*See id.* at 7; *see also id.* at 12 (quoting proposed amended complaint for detailed description of alleged abuse).)

Magistrate Judge Shields recognized that Plaintiff moved to amend his complaint "solely to add factual allegations" (Report at 1), and that the basis for doing so is the similarity of allegations in this case and in the Related Case. As Plaintiff's counsel represented at the July 11, 2017 status conference in the Related Case, it is from facts learned in that case that Plaintiff moved to amend to add additional factual allegations in this case.

The Report was "provided to all counsel via ECF," and the parties were directed they "must" file any written objection to the Report "within fourteen (14) days of [its] filing." (*Id.* at 8; *see also* Notice of Electronic Filing generated in conjunction with ECF No. 36.) No

objections to the Report were filed and the time to do so has expired.  (*See generally* Docket,

Case No. 16-cv-5269; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).)

III.     **STANDARD OF REVIEW**

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct

proceedings of dispositive pretrial matters without the consent of the parties.  *See* Fed. R. Civ. P.

72(b).  The district court may accept, reject, or modify, in whole or in part, the findings and

recommendations of the magistrate judge.  *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y

1994); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Where there are no specific written

objections to a magistrate judge's report and recommendation, the district court may accept the

findings contained therein as long as the factual and legal bases supporting the findings are not

clearly erroneous.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Therefore,

to accept the report and recommendation of a magistrate judge on a dispositive matter to which

no timely objection has been made, the district judge need only be satisfied that there is no clear

error on the face of the record.  *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp.2d 377,

379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. 2009); *Baptichon v. Nevada State Bank*,

304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005).

No objections to Magistrate Judge Shields' August 3, 2017 Report have been filed, and

the deadline to do so has expired.  *See* 26 U.S.C. § 636(b)(1) (requiring objections be filed within

fourteen (14) days of being served with a copy of a report and recommendation); Fed. R. Civ. P.

72(b)(2).  Upon review, the Court is satisfied that the Report is not facially erroneous, and it is

adopted in its entirety.

IV.    **CONCLUSION**

Accordingly, IT IS ORDERED that Plaintiff's Amendment Motion is granted.  Plaintiff is directed to file his amended complaint as a separate docket entry by September 15, 2017; and

For substantially the same reasons articulated by the Magistrate Judge for granting the Amendment Motion, IT IS FURTHER ORDERED that Defendant's Dismissal Motion is denied without prejudice to renew.

Dated this 6th day of September 2017 at Central Islip, New York.

__/s/_Sandra J. Feuerstein__
Sandra J. Feuerstein
United States District Judge