UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
J.A. an infant under 18 years of age, by and
through his Guardian Ad Litem, BRUCE WOLF;
A.R. and J.D., infants under 18 years of age, by
and through their parent and natural guardian,
MIRIAN RIVERA; A.M., by and through his next
friend, JO ANN DOUGLAS,

       Plaintiffs,      **ORDER**
   -against-          CV 16-5269 (SJF)(AYS)

SCO FAMILY OF SERVICES,

       Defendant.
----------------------------------------------------------------X
J.M., M.M., D.M.,

       Plaintiffs,      **ORDER**
   -against-         CV 17-306 (SJF)(AYS)

SCO FAMILY OF SERVICES,

       Defendant.
----------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

  Plaintiffs in these consolidated cases allege that the Defendant SCO Family of Services ("SCO'), a foster care agency, is responsible for abuse they suffered while under the care of a foster/adoptive father who Plaintiffs characterize as a "madman and pedophile." See Amended Complaints appearing as Docket Entries Nos. 1 in consolidated cases filed under docket numbers CV 16-5269 and CV 17-306.

  Presently before this Court are discovery disputes by filed by both parties. First, Plaintiffs filed a motion to compel appearing as DE 54 in CV 16-5269, and DE 44 in CV 17-306. Defendant's response to this motion appears as DE 55 in CV 16-5269, and DE 44 in CV 17-306.

1

In addition to responding to Plaintiff's motion, Defendant's response raises logistical issues with respect to the taking of Plaintiff J.M.'s deposition. Since that issue is raised only in J.M.'s case, Plaintiff has responded to those issues by way of a motion for a protective order filed only under Docket Entry No. 56 in CV 16-5269. Following is the Court's disposition of all issues raised in these motions.

## DISCUSSION

I. <u>Legal Standard</u>

The scope of discovery is set forth in Rule 26 of the Federal Rules of Civil Procedure. It provides that:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

With this standard in mind, the Court turns to the merits of the present motions.

II. <u>Disposition of the Motions</u>

    A. <u>Plaintiffs' Motion to Compel (DE 54 in CV 16-5269 and DE 44 in CV 17-306)</u>

Plaintiffs' motion raises two issues. The first is addressed to Defendant's redaction of identifying information regarding minors in foster care. The second seeks to expand the scope of document production.

        1. <u>Redaction of Identifying Information</u>

Defendant's document production includes documents and electronic information referencing children in the care of the individual alleged to have engaged in the conduct that is

the subject of these lawsuits. Defendant's production redacts only the names, birthdays and social security numbers of these children. Plaintiffs seek to have all redactions removed on the grounds that identifying information is relevant to their claims. They note that even if revealed, the information will nonetheless be protected by the parties' agreed upon confidentiality stipulation.

Defendant does not argue that the redacted information is irrelevant, and no redactions were made on this ground. It is argued instead that the redactions are mandated by Section 372 of the New York State Social Services Law ("Section 372"), and that the interests protected by that statute outweigh any relevance of the information sought. Defendant also states that the credibility of abuse allegations filed by non-party children is not necessary to the prosecution of Plaintiffs' claims. As to the issue of notice, Defendants note that Plaintiffs themselves already have access to other children who allege abuse at the hands of the same person, and who may be witnesses to Plaintiffs' alleged abuse.

Section 372 does, as the parties agree, provide for the confidentiality of foster care records. N.Y. Soc. Serv. L. §372(3). Where, as here, the issue of disclosure of such records arises in the context of federal claims, however, federal law, and not state law governs the issue of production. Cyris Jewels v. Casner, 2016 WL 2962204, *6 (E.D.N.Y. May 20, 2016). Federal courts have, under appropriate circumstances, ordered the production of information otherwise protected by Section 372. Id., citing Hallquist v. Chautauqua Cty., No. 04-CV-827, 2005 WL 3531587, at *2-3 (W.D.N.Y. Dec. 22, 2005) and Schwimmer v. Kaladjian, No. 92-CV-2376, 1995 WL 479418, at *1-2 (S.D.N.Y. Aug. 14, 1995).

When deciding whether to order production of documents protected by Section 372, the federal court must weigh the "plaintiff's interest in disclosure against 'the state's legitimate

concern of the protecting the confidentiality of the requested information.'" Id., quoting, Bliss ex rel. Bliss v. Putnam Valley Cent. Sch., No. 06-CV-15509, 2008 WL 4355400, at *1 (S.D.N.Y. Sept. 22, 2008). Thus, this Court must balance the legitimate state interest sought to be protected by Section 372, i.e., the privacy interest of the sources of information and those of foster children, against the need for the information in the lawsuit. Id.

In an appropriate case, those interests may be properly balanced by requiring production as to information regarding non-party foster children, but requiring that particular identifying information, such as birth dates and social security numbers, be redacted. E.g., Jewels, 2016 WL 2962203, at *7. Those interests might also be balanced by a ruling that the documents requested by produced without redaction, but subject to strict confidentiality requirements, such as those imposed by the court in Hallquist v. Chautaqua County, 2005 WL 3531587 (W.D.N.Y. December 22, 2005). There, the court ordered that otherwise confidential documents be produced in the context of a civil rights lawsuit subject to the conditions that:

- the documents be marked confidential,
- the documents be produced to counsel "for attorneys eyes only and may not be disclosed to the plaintiff or any other party or non-party without Court order,
- the documents be used in connection with the litigation, and are not to be attached to any publically filed document or papers,
- any documents containing information taken from the documents must be filed under seal, and
- the documents must be returned to the producing entity upon the conclusion of the litigation, and no copies of the documents are to be retained by plaintiff.

Hallquist, 2005 WL 3531587, at *3.

Plaintiffs here allege widespread abuse by a particular individual, and Defendant's knowledge of that abuse. Certainly, the identity of other foster children in the care of the individual in question is relevant to the claims in these cases. Such individuals are potential witnesses who will have information as to the conduct alleged. The Court recognizes the privacy concerns of the children whose identities will be disclosed. The Court further recognizes that information regarding social security numbers is not relevant to Plaintiffs' claims.

In view of the foregoing, the Court orders that, with the exception of social security information, the documents at issue must be produced without redaction, but subject to a confidentiality stipulation providing protections in line with those set forth above. Counsel are to confer and determine whether their existing stipulation provides such protection and to modify that stipulation if necessary.

2. Scope of Production

In a discovery order dated October 10, 2017, this Court limited the time period of Defendant's document production to information pre-dating January 14, 2016 – the date of Mr. Mugaburu's (the foster/adoptive parent's) date of arrest. This ruling was made without prejudice to renewal of an application to seek additional documents after Defendant's initial production. Plaintiffs now seek such documents.

Plaintiffs argue that Defendant has produced, and may rely upon, two post-arrest investigations. They also argue that there was a "significant fall-out" for Defendant from the arrest "and the public exposure" of the abuse, and that therefore the most critical documents in the case stem from that post-arrest period. DE 54 at 4. They speculate that post-arrest documents may reveal admissions from Defendant employees that have not yet been produced. Plaintiffs acknowledge that thousands of documents, and a significant amount of ESI have already been

5

produced. They argue that the additional discovery sought is nonetheless proportional to the needs of their case.

In opposition, Defendant makes both a relevance and a proportionality argument. As to relevance, Defendant argues that the documents sought do not bear on the issue of its pre-arrest notice. As properly noted, it is the pre-arrest conduct that forms the basis of Plaintiff's claims, i.e., that Defendant knew or should have known of the conditions at Mugaburu's home, and the abuse taking place under his watch. Defendant argues that Plaintiffs already have access to thousands of documents regarding all of Mugaburu's pre-arrest conduct, including complaints made to Defendant. Defendant further argues that it has not opened the door to additional production by producing documents regarding two post-arrest investigations. In any event, Defendant states that it has already produced all documents and ESI relating to the facts set forth in both of the produced reports. DE 55 at 2.

Regarding proportionality, Defendant notes that it has already reviewed in excess of 40,000 documents containing search terms identified by Plaintiffs, produced approximately 56,000 pages of pre—January 14, 2016 ESI, and that its production to date has taken approximately 1,000 attorney work hours. It also states that its production, even under the current ruling, is ongoing and continuing.

As noted, Rule 26 allows discovery of information relevant to any party's claim or defense. As in all cases, this Court must determine whether the discovery sought is proportional to the needs of the case. Upon consideration of the Rule 26 factors, this Court denies the request for additional post-arrest documents. Certainly, the issues raised in this case, which center around Defendant's notice of abuse, are important. This Court has therefore ordered extensive discovery of pre-arrest information, including otherwise confidential personal information of

possible victims. These documents are undoubtedly relevant to Plaintiff's claims. Indeed, this Court has ordered such production even though Plaintiffs likely have access to individuals who were in foster care, and information they may possess. Defendant has cooperated in all discovery ordered, and produced thousands of documents and electronic material. It has also produced all information regarding the post-arrest investigations set forth above. Moreover, Defendant will soon be producing witnesses at deposition who will provide additional information, and be able to testify as to the extensive documents provided.

In view of this extensive and expensive production, this Court denies the request to broaden the scope of discovery to include all post-arrest documents and ESI. It bears repeating that the crux of Plaintiffs' claims is Defendant's notice of the conditions at the homes prior to Mugaburu's arrest. Plaintiffs have already received extensive relevant and proportional discovery. No additional document or ESI production will be ordered. Instead, the parties shall proceed to the taking of depositions.

B. <u>Plaintiffs' Motion for a Protective Order (DE 56 in CV 16-5269)</u>

As part of their response to Plaintiff's motion, Defendant sought to schedule the deposition of Plaintiff J.A. CV 16-5269; DE 55 at 3. Plaintiff responded to this request by way of a request for a protective order. <u>See</u> CV 16-5269; DE 56.

The Court's review of counsels' correspondence reveals that Plaintiffs have raised issues regarding the place, and time period of J.A.'s deposition. The parties appear to have agreed that J.A. will not be required to travel to New York for his deposition, but that he will be deposed in his home state of Washington. The parties have agreed to that Plaintiffs will reimburse Defendant for one-half of their travel expenses.

What remains at issue is the precise place of the deposition, and the amount of time that J.A. will be deposed. Plaintiffs state that J.A. must be deposed at his foster home. Their letter details J.A.'s disabilities (which include post-traumatic stress disorder and a full scale I.Q. of 61). While Plaintiffs state that they have attached the proper medical documentation in support of their letter's recitation of J.A.'s medical condition (including a report stating the opinion of his examining doctor who opines that any effort to depose J.A. for more than one hour would be inconceivable and could be harmful), a review of the docket reveals that the exhibits filed in support of Plaintiffs' request for a protective order, appearing as DE 56 in CV 16-5269, are the same exhibits filed in support of their motion to compel, appearing as DE 54 in that case. Thus, Plaintiffs have not filed the documents in support of the medical positions stated in their letter filed in support of their motion to compel.

In light of the fact that Plaintiffs have not filed the appropriate documentation the Court must deny the motion for a protective order at this time. However, if the documents referred to in Plaintiffs' letter do, in fact, support the representations made therein, this Court would order that the deposition of J.A. take place in an appropriate area of his foster home (or if Plaintiffs agree, at the office of his counsel or treating professional). This Court would further order that J.A.'s deposition shall be limited to three one-hour sessions to take place over a three day period to be agreed upon by counsel. In the event that counsel can agree to these restrictions without further Court intervention, there will be no need for further motion practice and all depositions, including the deposition of J.A., can proceed.

## CONCLUSION

For the foregoing reasons the motions appearing as Docket Entry No. 54 in Case No. CV 16-5269, and Docket Entry No. 44 in Case No. CV 17-306, are granted in part and denied in

part. The motion appearing as Docket Entry No. 56 in Case No. CV 16-5269, is denied without prejudice. With respect to that motion, counsel are directed to confer as to a disposition of the issue raised therein in accord with the parameters set forth in this order.

SO ORDERED

Dated: Central Islip, New York
January 22, 2018

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge